## Stewart's Estate.

*Decedents' estates—Claim for services—Auditor's report—Findings of fact—Evidence.*

The finding by an auditor that a decedent had employed her brother to take charge of her affairs, and that his services were worth the sum which he claimed, will not be reversed where such finding is based on sufficient evidence and is confirmed by the court below, and no manifest error is made to appear.

Argued May 16, 1905. Appeal, No. 1, March T., 1904, by

Mary J. Gallagher, from decree of O. C. Lycoming Co., dismissing exceptions to auditor's report in Estate of Ann E. Stewart, deceased. Before BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Exceptions to report of H. W. Whitehead, Esq., auditor.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was in dismissing exceptions to auditor's report.

*Thomas M. B. Hicks*, for appellant.

*W. C. Gilmore*, for appellee.

OPINION BY HENDERSON, J., October 9, 1905:

The finding of an auditor approved by the court below will be sustained on appeal if there is any evidence which warrants it: Fessenden's Estate, 170 Pa. 631. Applying this rule to the pending case, the appellant is called upon to make it appear that there was no evidence to justify the auditor in his conclusion that the accountant was entitled to compensation for services rendered to the decedent at her request, and that the amount charged was reasonable. There is direct and positive evidence that James S. Stewart, who was a brother of the decedent, had been living for several years in California, and that he returned to Lycoming county after his sister was hurt, to take charge of her business at her request and that he had charge of her affairs during the remainder of her life. There is also evidence that his services were worth the sum charged therefor. The auditor's conclusion is not only supported by evidence but by the weight of competent evidence on these propositions. The witnesses were before him, their character and credibility were subjects for his consideration. The very earnest argument of the appellant's counsel has not convinced us that the evidence did not warrant the action of the auditor. The decree is, therefore, affirmed.