IN

# THE SUPREME COURT

OF

## PENNSYLVANIA.

EASTERN DISTRICT—PHILADELPHIA, 1854.

### Fraley *versus* Steinmetz.

| 22  437
|164  194

1. In a proceeding by *scire facias* on a mortgage, an affidavit of defence may be made by one who, at the time the *scire facias* issued, claimed the premises by purchase of the same at sheriff's sale held under a judgment against the mortgagor, but who had afterwards sold the same, covenanting against liability under the mortgage. He has a right to be heard not only on account of his own interest, but on behalf of his vendee, the terre tenant, though neither of them were served with the process.

2. In the affidavits of defence by the said purchaser it was alleged that the premises having been conveyed to him by the sheriff, by deed of a date which was subsequent to an execution on a judgment for the mortgage debt, and that he had afterwards sold the premises, with a guaranty against liability for the mortgage debt. Also, that a judgment had been entered on the mortgage bond of $1000, and that on such judgment an execution had been issued, by virtue of which the plaintiff levied upon and sold *personal* property of the defendant, the mortgagor, it being the *first* execution delivered to the sheriff; that the sheriff paid to the attorney in fact of the plaintiff's attorney and of other attorneys above $2000; that the said execution was for the same debt for which the mortgage was given, and that the mortgage debt *has been paid*. In a supplemental affidavit it was, *inter alia*, stated that he had sold the premises at a date which was subsequent to the issuing of the *scire facias*, and that the defence made was on behalf of the deponent and of his vendee:

It was *Held*, that a sufficient defence, if established, was stated in the affidavits.

3. It was not essential that the said purchaser should have made a formal application to be made a party to the record. Such a desire should have been considered as implied in his affidavits.

[Fraley *v.* Steinmetz.]

ERROR to the District Court, *Philadelphia.*

This was a *scire facias* issued on 2d October, to September Term, 1852, in favor of Daniel Steinmetz *v.* Peter B. Fraley, on a mortgage of Fraley to Steinmetz. The *scire facias* was returned "made known." The name of counsel was marked on the record opposite to the name of Fraley, the defendant. The *scire facias* was upon a mortgage dated ———— —, 1850, from Fraley to Steinmetz, reciting a bond for $1000, for security of which the mortgage was given.

October 22, 1852, an affidavit of defence was made by *Patrick Levy*, which was filed. In it was stated that he had a just defence to the plaintiff's demand; that the premises had been conveyed to him by William Deal, sheriff, by deed acknowledged in open Court on the 17th day of January, 1852, they having been sold under execution against the defendant Fraley, to whom they at the time belonged, and that the affiant had since sold the same, *with a guarantee against liability for the mortgage.* It was further stated as follows :—

A judgment was entered by the plaintiff, by virtue of the warrant of attorney accompanying the bond, for $1000, for the better securing of which the mortgage now sued on was given, as by reference to the said mortgage will appear ; upon the said judgment an execution was issued, by virtue of which the sheriff levied upon certain goods and chattels of the defendant Fraley, and sold them under this execution, which was the *first* delivered to the sheriff, (for there were others which came to the sheriff against said defendant Fraley, before the time of sale), and another having the same attorney for plaintiff, the two amounting to about $2600, or less. The sheriff paid to I. Hazlehurst, *attorney in fact for A. S. Letchworth* (who was plaintiff's attorney), and for others, $2153.29, less costs, &c., and took receipt therefor, a copy of which is herewith exhibited as taken from the sheriff's docket, and the execution therein described is for the same debt for which this mortgage was given, and this suit is brought. He says that the debt now sued for *has been paid ;* all of which he is advised, and believes he can fully prove upon trial.

Signed,          PATRICK LEVY.

The receipt of I. Hazelhurst, referred to in the affidavit, was as follows :

Received December 9, 1851, from William Deal, sheriff, twenty-one hundred and fifty-three 29–100 dollars, proceeds of sale, less costs, &c. Signed by him as attorney in fact for A. S. Letchworth, Isaac Sulger, and G. W. Thorn.

Following was a receipt signed A. S. Letchworth, *plaintiff's attorney,* for $4.62, "*my costs.*" These receipts were on the sheriff's docket entry of the case of Daniel Steinmetz *v.* Peter B. Fraley, 424 March Term, 1851. *Fi. fa.* Real debt $1000. Interest from September 25, 1850.

[Fraley *v.* Steinmetz.]

A supplemental affidavit, made November 10, 1852, was as follows:

Patrick Levy being duly sworn, says: That there is a defence to the claim in this case. That this affiant was the owner of the mortgaged premises, and sold them to John McGlensey by deed dated and executed the 5th day of October, 1852; and at the time of said sale it was agreed between this affiant and said John McGlensey, that this affiant should defend the claim herein made, and bear its responsibility, *and this defence is for and on behalf of this affiant and the said John McGlensey.*

All the facts stated in his former affidavit of defence, he believes to be true, and he believes that he will be able to prove them upon trial.

Notwithstanding the affidavits, the Court directed judgment for plaintiff, as it was stated, *for want of a sufficient affidavit of defence.*

Error was assigned to the entry of judgment.

*Phillips,* for plaintiff in error.

*G. M. Wharton,* and *A. S. Letchworth,* for defendant in error. —On the part of the defendant in error, it was alleged that the affidavits were insufficient. 1. Because made by one who was not a party to the record. Levy was not *a terre tenant.* The terre tenant was not a party to the writ of *scire facias,* nor did it appear that notice was served upon him. By the 6th section of the Act of 1705, (1 *Smith's Laws* 57,) the *scire facias* need be served only on the mortgagor, his heirs, executors, or administrators. Also cited 1 *Watts* 491, (Mather *v.* Clark); 4 *Barr* 80, 16 *Ser. & R.* 432, that it was not necessary to give notice to the terre tenant of the *scire facias.* The terre tenant might have petitioned the Court for leave to appear and defend (5 *Barr* 260,) but he did not do so. If he had no notice of the proceeding, he may not be bound by the judgment: 5 *Watts* 535; 1 *Ser. & R.* 540. It was said that, there being no affidavit of defence filed by *the defendant* or by any one in his behalf, and no appearance or defence by any one claiming as terre tenant, the plaintiff, under the Act of 1835, was entitled to judgment.

2. It was further alleged that the affidavits of defence were insufficient, because the facts stated were inconclusive, as it did not appear that the plaintiff or his attorney received the plaintiff's claim from the sheriff; for, as the plaintiff's attorney receipted only for *the costs,* the proper inference should be that the plaintiff had waived his claim upon the fund raised in favor of the other execution creditors.

The opinion of the Court was delivered, January, 1854, by

[Fraley *v.* Steinmetz.]

LEWIS, J.—This is a *scire facias* on a mortgage, and we understand the affidavit of defence to state that the goods of the mortgagor, exceeding the value of the debt, have been seized and sold on an execution issued on a judgment entered on a mortgage bond. The proceeds raised by the sheriff's sale appear, from the affidavit, to be more than the debt; the money was duly received by the sheriff, and was paid by him to the attorney in fact of the plaintiff's attorney; and the plaintiff in error, in his affidavit, adds that "the debt has been paid." It is true that another execution was in the sheriff's hands, and that he sold under both; but the writ which issued for the mortgage debt was "the first delivered to the sheriff." It is also true that other executions came to the sheriff's hands before the sale. But the sale was on the two first executions. In Hunt *v.* Beading, 12 *Ser. & R.* 41, it was held that, "seizing goods in execution to the value of the debt is a discharge of all responsibility on the part of the debtor, and consequently a discharge of the judgment, and this whether the goods are sold or not; all further remedy being against the sheriff, who becomes exclusively liable, *by the seizure.*" If this be the law, the affidavit discloses a full defence. The plaintiff below has seized and sold the debtor's goods to the value of the debt on an execution issued for the same debt, and that execution is entitled, by its prior delivery to the sheriff, to receive the money which has been actually paid into the hands of the plaintiff's attorney. A statement of these facts is sufficient to entitle the defendant to go to the jury. As it was not his business to prove them, it was sufficient to state them without production of the evidence from the records.

Patrick Levy was the owner of the mortgaged premises, and the proper terre tenant of the land at the time the *scire facias* was issued. He has since sold them to John McGlensey, under an agreement that the vendor should defend against the mortgage and bear its responsibility, and the affidavit is made by Levy for and on behalf of himself "and the said John McGlensey." That these persons would be prejudiced by the judgment is clear. That they are deeply interested in the result is most manifest. That the first has a just right, in some form, to relieve himself from liability on his warranty by resisting every step in the proceedings tending to charge him, cannot be denied. That the other has a right to object to an unnecessary slander of his title, by a sheriff's sale for a debt already paid, seems equally free from doubt. Taking the case as stated in the affidavit, there is a just defence, and the parties proposing to make it are not strangers, nor intruders, without any interest to protect. Under such circumstances, the Court should take order for protecting their interests in some way. The judgment ought not to have been given for the plaintiff, when it appears from the affidavit of a party who would be prejudiced by it, that the debt has been already paid. In the con-

[Fraley *v.* Steinmetz.]

struction of these affidavits the justice of the case should not be lost sight of in the technicalities of judicial proceedings. Irreparable injury ought not to be permitted for want of a formal application by Levy to make himself a co-defendant in the action. His affidavit, and the facts contained in it, imply a wish, on his part, to be made a party to the record, and the Court, under the circumstances, ought to have made an order for the purpose. If he objected to such an order, this might have justified the disregard of his affidavit. But as the case stood, we think there was error in entering the judgment in favor of the plaintiff below.

　　　　　Judgment reversed and *procedendo* awarded.