# Stevens *et al. versus* The North Pennsylvania Coal Company.

In a *scire facias* on a mortgage, two returns of *nihil*, one of them to an intermediate return day of one term, and the other to the first day of the next term, are equivalent to service.

Where the mortgagor has parted with his title to the land, and the *scire facias* is served on the *terre tenant*, a second return of *nihil* is unnecessary, except for the purpose of reaching the title of the mortgagor, and to obviate the necessity of subsequently going out of the record, to show that he had parted with his title to the person who appeared as *terre tenant*.

Where the *scire facias* is served on the *terre tenant*, and there are two *nihils* as to the mortgagor, a judgment for want of an affidavit of defence, is good against the mortgagor for not appearing, and against the *terre tenant* for not taking defence in proper form.

ERROR to the Common Pleas of *Luzerne county*.

This was a *scire facias* on a mortgage by The North Pennsylvania Coal Company against James Stevens, returnable to the second return day of the term. The writ was returned *nihil* as to the defendant; but George W. Keyser appeared and was admitted to take defence as *terre tenant*. An *alias scire facias* was then issued to the first return day of the next term, and returned *nihil* as to the mortgagor; and the court below subsequently gave judgment for the plaintiff, for want of an affidavit of defence, for $16,069.31.

The *terre tenant*, thereupon, removed the cause to this court, and here assigned for error: 1. That the original *scire facias* was not made returnable to the first day of the next term after it was issued: 2. That the judgment was erroneous, because entered for want of an affidavit of defence, on two *nihils*.

*E. P. Darling*, for the plaintiff in error.

[Stevens *et al. v.* The North Pennsylvania Coal Company.]

*H. M. Hoyt* and *Stanley Woodward*, for the defendant in error.

The opinion of the court was delivered by

LOWRIE, C. J.—That two *nihils* are good on writs of *scire facias* on a mortgage, one made returnable to an intermediate return day of one term, and the other to the first day of the next term, appears by the case of Magaw *v.* Stevenson, 1 *Grant's Cases* 405. But this is unimportant as against the title of the *terre tenant*, for he, as was admitted on the argument, appeared to the action, and he was the proper party to appear and defend, the action being *in rem*, against the land. By selling the land, the mortgagor became a mere nominal party. The *terre tenant*, by his appearance, became the true defendant, and he ought to have filed an affidavit of defence, if he could. As he did not, we presume he could not, and he must submit to the judgment.

After the appearance of the *terre tenant*, the only use of the *nihils* seems to be to reach the title of the mortgagor, and to save the necessity of hereafter going out of the record to show that he had fully parted with his title to the person appearing as *terre tenant*, before the case proceeded to judgment. The two *nihils* are equivalent to service on the mortgagor, and the plaintiff was entitled to judgment, as against any title of his, for want of an appearance. The judgment actually entered is general, though a special reason is assigned for it; and it is good against the whole interest mortgaged, if any good cause appear for its entry. It is good against the mortgagor's interest for not appearing, and against the *terre tenant's*, for not taking defence in the proper form, when he did appear.

Judgment affirmed.