## Hagerman et al. *versus* Empire Slate Company.

1. Suit may be instituted against a foreign corporation by the service of process upon an agent of said corporation within this Commonwealth in the mode prescribed by the Act of March 21st 1849, sect. 3, Pamph. L. 216, notwithstanding the fact that said corporation has failed to establish an office in this Commonwealth and to report the name of its agent, in compliance with the provisions of art. XVI., sect. 5, of the Constitution and of the Act of April 22d 1874, Pamph. L. 108, passed in pursuance thereof.

2. Although the transaction of business by said corporation without compliance with said last-named provisions is undoubtedly illegal, the corporation can not take advantage of this illegality to escape service of process.

3. Liblong *v.* Kansas Fire Insurance Company, 1 Norris 413, distinguished.

4. A return of service under the said Act of March 21st 1849, sect. 3, Pamph. L. 216, which omits to set forth the character of the agent served, is *prima facie* evidence of a good service. But this presumption may be rebutted by proof to the contrary.

5. Where the foreign corporation sued was a slate company owning real estate in this Commonwealth, which real estate was leased to others for the quarrying of slate on payment of a royalty : *Held*, that an agent of that company not appointed by regular resolution of its board of directors but requested by the president to attend to its affairs, who did business near the quarry, who looked after shipments of slate made to the company by agreement with the lessees until within a year of the service of process, who received the royalty due from them, who leased houses on the premises and gave his receipt as agent, who sent statements to the company from time to time, who accounted to it for the money he received and generally attended to its interests both before and after the service of process, and who appeared moreover to be the only agent of the company within the Commonwealth, was such an agent as was contemplated by the Act of March 21st 1849, sect. 3, Pamph. L. 216, and that suit could be instituted against said company by the service of process on said agent.

March 31st 1881.  Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas of *Northampton county:* Of January Term 1881, No. 264.

Scire facias sur mortgage, by Francis S. Hagermann and Henry L. Rider, trustees, against the Empire Slate Company, a corporation organized under and pursuant to the laws of the state of New York.  The sheriff endorsed on the writ the following return :

"Made known by giving J. E. Long, agent for the Empire Slate Company, the within named defendant, notice of the contents and a true and attested copy of the within writ, personally, on November 16th 1880.  So answers,

"JAMES YOUNG, Sheriff."

On motion of defendant's attorney, the court granted a rule to show cause why the sheriff's return of service should not be set aside.  The depositions taken under this rule showed that the officers of the company lived in New York, where the office of the

[Hagerman *v.* Empire Slate Co.]

company was located; that the company own a tract of land and slate quarry in Northampton county, Pennsylvania, which had been leased to one Williams, in consideration of a royalty payable in slate. The company had never filed any certificate at Harrisburg, Pennsylvania, nor had they filed a statement appointing an agent, on whom process might be served in Pennsylvania, in pursuance of the Act of April 22d 1874, Pamph. L. 108. It did not appear that James E. Long, upon whom service was made, had ever been formally appointed agent for the company, but at the verbal request of the president, he looked after the company's interests at the quarry, received the royalty, sold and shipped slate on commission, rented a house on the land, received the rents, and made returns and statements to the company.

After hearing, the court made the rule absolute and set aside the return of service, on the ground that Long was not an agent on whom service could be lawfully made to bind the company.

The plaintiff took this writ, assigning for error the order and judgment of the court setting aside the sheriff's return of service.

*Jacob S. Stewart*, for the plaintiff in error.

*Morris* and *W. S. Kirkpatrick*, for the defendant in error.

Mr. Justice MERCUR delivered the opinion of the court, June 13th 1881.

The mortgage on which this scire facias issued shows, the defendant to be "a corporation organized under and pursuant to the laws of the state of New York." It is therefore a foreign corporation holding lands in Pennsylvania covered by the mortgage.

The third section of the Act of 21st March 1849, inter alia, declares that in the commencement of any suit against any foreign corporation, the process may be served upon any officer, agent, or engineer of such corporation, either personally or by copy. The act is silent as to the character or grade of the agent.

In the present case the sheriff returned, endorsed on the writ, that he had "made known by giving J. E. Long, agent for the Empire Slate Company, the within named defendant, notice of the contents, and a true and attested copy of the within writ, personally, on November 16th 1880." The statute authorizes a service on the agent either personally or by copy. This return shows it was served on the agent personally and by copy. Why then is not the service good?

It is contended that the Act of 1849 is superseded by sect. 5, art. XVI., of the Constitution of 1874, and the Act of 22d April of same year. The Constitution does declare that no foreign corporation shall do any business in this state without having one or more known places of business, and authorized agent or agents in the

[Hagerman *v.* Empire Slate Co.]

same upon whom process may be served. After substantially re-enacting this section, the Act of 22d April further requires such corporation, before it shall do any business herein, to file in the office of the secretary of the Commonwealth a statement showing the title and object of the corporation, the location of its office or offices, and the name or names of its authorized agent or agents therein, and imposes a penalty on any person, agent, officer, or employé of such corporation who shall transact business herein for such corporation without the provisions of the act having been complied with.

Undoubtedly it is illegal for a foreign corporation to transact business in this state without having complied with the requirements of the Constitution and the Act of Assembly; yet when it has actually done so, and received a substantial benefit from the transaction, whether it can retain the whole fruits thereof, and avoid its liability resulting therefrom, presents a different question. Hence, although a corporation cannot hold lands in Pennsylvania without a license by law, yet the Commonwealth alone can object to its want of capacity: Leazure *v.* Hillegas, 7 S. & R. 313; Goundie *v.* Northampton Water Co., 7 Barr 233. So where a corporation executed a mortgage on lands in which it had a qualified interest only, and its title was inalienable, it was held to be no defence to a scire facias on the mortgage. The question of title would arise with the purchaser: St. John's Church *v.* Steinmetz, 6 Harris 273. Such title as the corporation had was pledged.

When a foreign corporation transacting business in this state has failed to establish an office, and report the name of its agent to the secretary of the Commonwealth, but has some person residing therein who acts as its agent, it must be presumed that the corporation has substituted such agent as one on whom service is authorized to be made to the extent at least of its unfinished business in this state.

It is further argued that the service in the present case is bad under the authority of Liblong *v.* Kansas Fire Ins. Co., 1 Norris 413. The facts of that case are very different from the facts in this. There the corporation had appointed an agent according to the Act of Assembly. Here none such was appointed. There having complied with the statute and furnished a general agent on whom service could be made, it was held that service was not good on one whose authority was limited to effecting insurances and receiving premiums therefor, under the directions of the agent designated by the statute. The strength of that case rested on the fact that inasmuch as the corporation had provided an agent under the Act of Assembly, on whom service could be made, it ought not to be made on an agent who was not so designated. In this case the company had not appointed an agent under the statute.

It may be conceded that a return which omits to set forth the

[Hagerman *v.* Empire Slate Co.]

character of the agent served, is not conclusive that he possesses the necessary qualifications; yet where the act authorizes the service on an agent of the corporation without imposing any further qualifications, a return of service, in the words of the act, is prima facie evidence of a good service. Hence in this case the service on Long was presumptively good. The evidence taken on the rule to show cause why the return of service should not be set aside, did not rebut that presumption. The business of the company was the manufacturing of slate in the borough of Bangor. The quarry was let to one who was to manufacture the slate and give the company a royalty payable in slate. It is not shown that Long was appointed agent by any resolution of the company, yet he acted as such for several years. He testified that the president of the company requested him to look after the shipment of slate, and the royalty, and things generally around the quarry; that he did so; that he shipped and sold slate for the company; let its house and barn; paid taxes; gave receipts in its name as agent; sent statements to the company at different times, and accounted to it for money he received; when the writ was served on him he supposed he was the agent of the company; continued to so act after the service, and has no notice that his authority has ended. Although no slate was manufactured during the preceding year, yet he continued to receive rents for the property every month.

Thus it appears in fact he acted as an agent of the company. His place of business was about one-fourth of a mile from the quarry, and appears to have been the only agent of the company residing within this state. Under all the facts proved we think he was shown to be such an agent as to make the service on him valid. The learned judge, therefore, erred in setting aside the return thereof, and in making the rule absolute.

Judgment reversed, rule discharged, return of service reinstated, and a *procedendo* awarded.