## Taylor, Appellant, *v.* Beekley.

*Mortgage—Foreclosure—Scire facias—Service of writ—Ejectment.*

In an action of ejectment brought to recover lands purchased under a sheriff's sale upon a judgment in scire facias on a mortgage, the terre-tenant who was served with the scire facias and against whom judgment was entered, cannot set up as a defense that no service of the scire facias was made upon the mortgagor.

Argued Feb. 6, 1905. Appeal, No. 234, Jan. T., 1903, by plaintiff, from judgment of C. P. Chester Co., Oct. T., 1902,

No. 19, on verdict for defendant in case of Emily E. Taylor *v.* Caroline Beekley and M. F. Beekley. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Ejectment for land in Honeybrook Township. Before BUTLER, J.

The facts are stated in the opinion of the Supreme Court. The court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*John G. Johnson*, with him *J. Frank E. Hause*, for appellant.—A terre-tenant of mortgaged premises, who was made a party to the proceeding to foreclose the mortgage, and upon whom service of the writ was made, and against whom judgment was entered, cannot object to a recovery in ejectment by the purchaser at the sheriff's sale because service of the scire facias was not had upon the mortgagor and no judgment entered against her: Nace v. Hollenback, 1 S. & R. 540; Allison v. Rankin, 7 S. & R. 269; Mather v. Clark, 1 Watts, 491; Cadmus v. Jackson, 52 Pa. 295; Brundred v. Egbert, 164 Pa. 615; Hoffman v. Lee, 3 Watts, 354; Messmore v. Williamson, 189 Pa. 73; Colborn v. Trimpey, 36 Pa. 463; Sames's App., 26 Pa. 184; Edwards's App., 66 Pa. 89; Beshler's Assigned Est., 129 Pa. 268; Landon v. Brown, 160 Pa. 538.

*Jos. W. Hunsicker*, for appellees.—The levari facias in a scire facias sur mortgage is void, unless issued on a judgment against the mortgagor: Reigart v. Ellmaker, 6 S. & R. 44; Kean v. Ellmaker, 7 S. & R. 1; Roberts v. Williams, 5 Wharton, 170; Tenan v. Cain, 188 Pa. 242; Wilson v. McCullough, 19 Pa. 77; Caldwell v. Walters, 18 Pa. 79.

OPINION BY MR. JUSTICE POTTER, May 1, 1905:

It appears from the undisputed facts in this case that Mary E. Wilson executed a mortgage to James B. Ralston et al, upon a tract of land in Chester county to secure the payment of $3,500 with interest. The property was subsequently con-

veyed by Mary E. Wilson to Caroline Beekley and M. F. Beekley, the appellees, subject to the lien of the mortgage. Thereafter, a scire facias was issued under the mortgage; Mary E. Wilson, the mortgagor, was made a party, as were the terre-tenants. But no service of the writ was made upon the mortgagor. It was served upon the terre-tenants alone, and judgment was entered for want of an appearance or affidavit of defense. On this judgment, a levari facias issued, and the premises were sold to Emily E. Taylor, the appellant. She brought ejectment to recover the land, and upon the trial, the court below held that, inasmuch as there was no judgment against the mortgagor, the deed from the sheriff passed no title to the appellant, and that the terre-tenants could raise this objection in the present action. In this we think there was error. An irregularity in the proceedings upon the scire facias cannot be inquired into in this proceeding. The judgment was entered against the terre-tenant as the real party in interest. It is true that good practice requires a judgment to be entered against the mortgagor, but the failure to do so in this case was an irregularity of which the terre-tenant cannot be now heard to complain. The title had passed from the mortgagor to her; the writ was served upon her; she had her day in court; no defense was made and judgment was entered against her as the only party really interested. It may be admitted that any title remaining in the mortgagor would not be swept away, except by service of notice upon her and the entry of judgment duly followed by sale; but that question must be raised, if at all, by the mortgagor, and she is not here making any complaint. Upon the contrary, it appears by the record that she filed her petition in court asking leave to enter her appearance and confess judgment in favor of the plaintiff nunc pro tunc, with the same force and effect as if the judgment had been duly entered against her at the same time when judgment was entered against the terre-tenants; and this for the express purpose of quieting and foreclosing any equity of redemption in the said mortgagor. It is therefore apparent that the contention of the terre-tenants is without any substantial merit.

In Nace v. Hollenback, 1 S. & R. 540, it was held that " in an ejectment brought to recover lands purchased under a

sheriff's sale upon a judgment in a scire facias on a mortgage, the terre-tenant cannot give in evidence any matters which might have been shown in the scire facias suit, unless there has been fraud or collusion between the mortgagor and the mortgagee, or the terre-tenant was not a party to the scire facias." We cannot see any right in the terre-tenant to ignore the judgment entered against her in the scire facias proceeding.

It is true that in Roberts v. Williams, 5 Wharton, 170, this court said that the mortgagor should be served and the judgment obtained before proceeding against the terre-tenant, but in that case the terre-tenant appealed in the proceeding itself from what was held to be an irregular judgment. The contention that there must be a valid judgment entered against the mortgagor in the scire facias proceeding before there could be any judgment against the terre-tenant or any execution against the land is answered in Allison v. Rankin, 7 S. & R. 269. There it was said by GIBSON, J.: " To show that the title of William Marshall, under whom both parties claim, had been vested in the plaintiff below, his counsel offered in evidence a mortgage to the plaintiff, together with the record of a scire facias, and judgment on it, showing a sale to the plaintiff, and also a deed from the sheriff of the county; to all which the counsel of the defendant objected, on the ground that there was no legal service on the mortgagor, and that consequently, the judgment, which was entered up by default, was irregular. But assuming this to be true, a court can never inquire into the regularity of the proceedings of another court, coming collaterally before it; . . . . No alleged irregularity of the proceedings, therefore, could affect the competency of the judgment on the scire facias, or of the sheriff's deed founded on a sale in pursuance of it."

If the terre-tenants here had appealed from the judgment against them on the scire facias, the objection now raised would, under the authorities, have had weight, but, as this case now stands, we do not see that they are in position to make any defense against the title of the appellant. Having had their day in court, the judgment entered against them in the proceedings upon the scire facias is conclusive.

The assignment of error is sustained and the judgment is reversed ; and a venire facias de novo is awarded.