## Harrison's Estate.

*Orphans' court—Finding of auditing judge—Fraud—Mortgage.*
A finding of an auditing judge based upon sufficient evidence that a claim against a decedent, based upon a mortgage, was fraudulent, will not be set aside except for manifest error.

*Appeals—Change of ground for claim—Mortgage—Loan—Support of parents.*
Where a person presents a mortgage against an estate of a decedent, and claims in the orphans' court that it was given for money loaned, he cannot, after having his claim disallowed in the orphans' court, assert in the appellate court that the mortgage was given by the decedent for the support of the latter's parents.

It seems that an infant child of the decedent may not avoid a bond and mortgage given by his father on account of the fraud of the latter.

Argued April 23, 1906. Appeal, No. 141, April T., 1906, by Joseph Herron, from decree of O. C. Allegheny Co., May T., 1905, No. 154, overruling exceptions to adjudication in Estate of Morris B. Harrison, deceased. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY and HEAD, JJ. Affirmed.

Exceptions to adjudication.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was the decree of the court.

*Josiah Cohen*, for appellant.

*Charles H. Sachs*, of *Sachs & Hirshfield*, for appellee.

OPINION BY MORRISON, J., October 5, 1906:
The administrator of the estate of Morris B. Harrison, deceased, filed his final account showing a balance for distribution of $1,773.59, proceeds of the personal estate of the decedent. The distribution of this money came before HAWKINS, P. J., and all of the testimony was taken before him, and upon consideration and decree filed, he awarded the money to the widow and infant child of the decedent, instead of to Joseph Herron, the appellant, on account of a bond and mortgage which he

alleged were given to him by the decedent. The decree of the court was excepted to and, upon consideration, the court dismissed the exceptions and refused to modify or change the decree.

The learned auditing judge said the question involved is, whether or not a certain mortgage was given for value.

It appears in the evidence that the appellant had in his possession a bond and mortgage against Morris B. Harrison for the sum of $7,000, conditioned for the payment of $3,500. These papers were dated March 5, 1903, but the mortgage was not recorded till March 9, 1904, three days before the death of Harrison. The description of the mortgaged land is quite incorrect, and it bears evidence of having been prepared in haste or with great carelessness. It also appears that there was a judgment note against the mortgagor in favor of the appellant for $3,500, but it was not presented as a claim in this hearing.

At the audit the appellant claimed the full amount appearing due upon his mortgage and, the validity of his claim being disputed, he undertook to satisfy the learned auditing judge that the bond and mortgage were executed and delivered to him for money borrowed by the decedent.

A careful consideration of the evidence discloses several suspicious circumstances connected with this transaction. The learned auditing judge, who has had a very large experience with this class of cases, saw and heard the witnesses and had a much better opportunity of judging of their credibility and the weight of their testimony than we can possibly have on this appeal. The opinion filed clearly indicates his conclusion that the appellant's claim was fraudulent; that he did not loan the money to the decedent and that his claim was not entitled to recognition. It is so well settled that "the finding of an auditor approved by the court will be sustained on appeal, if there is any evidence which warranted it," that it hardly seems necessary to cite authorities: Fessenden's Est., 170 Pa. 631. It is manifest that the same rule prevails where the court below hears the testimony and finds the facts and decrees accordingly.

We have carefully examined the evidence, printed and furnished to us by the appellant, and we do not discover any such clear or manifest error in the findings of the auditing judge as to call for a reversal of the decree. In addition it is averred,

in the argument of the appellee, that the appellant has not printed all of the testimony. This is not seriously denied, and the testimony does not appear to have been approved and certified by the judge below, and this furnishes a reason why we should be very cautious and hesitate to reverse the findings of fact by the judge below.

It is strongly argued by counsel for the appellant that the bond and mortgage should be upheld because they were delivered to the appellant in trust to provide for the support of the decedent's father and mother. If the bond and mortgage had been fairly executed and delivered for that purpose, and the appellant had placed himself upon that ground at the audit, his position would have been very strong. Certainly it was within the power of the decedent to have executed and delivered a valid bond and mortgage for such purpose. But the appellant and his counsel did not present their case to the auditing judge upon that theory. They relied on their claim and attempted proof that the appellant loaned the money to the decedent. Having placed their right of recovery on the latter ground it would be manifestly unjust to permit them to shift their ground on this appeal, and then convict the court of error in not deciding a question that was not fairly raised. By attempting to prove a money consideration for the mortgage the appellant, practically, conceded that it was not given to him in trust for the support of the decedent's parents. Moreover, there is nothing on the face of the bond and mortgage indicating that they were given for that purpose. The manner in which this case was presented in the court below and here indicates that the appellant did not have an abiding faith and belief that he could recover on either theory standing alone. He undertook to prove that he gave full value for the mortgage, but Mr. Pierce, cashier of the First National Bank of Elizabeth, testified pointedly that the appellant told him that the mortgage and judgment were for the benefit of his parents, and that he gave nothing for it.

We cannot agree with the conclusion reached by the auditing judge that the infant child of the decedent can avoid the bond and mortgage on account of the fraud of his father. But we are not convinced that the appellant presented such strong evidence that the learned judge was bound to find that his bond

and mortgage were valid.   The auditing judge cites Hummel's Est., 161 Pa. 215, in support of his proposition that "fraud will render any transaction voidable at the instance of those who have been defrauded as against those who are parties and privies.   This is especially true of wife and creditors; and why not of the helpless infant?"   That case sustains the court as to wife and creditors, but not as to the infant son of the decedent.   That case shows that he stands in a different relation to his father's estate than the wife and creditors.   But we may refuse to reverse the decree because the appellant failed to establish by clear and sufficient evidence that he had a valid and legal claim against the decedent's estate.   Suppose the decedent never in fact executed the mortgage, or, if he executed it, that he never delivered it, or that he executed it for a lawful purpose and delivered it, but that purpose was never carried out by the appellant.   In either of those supposed cases the decedent, if alive, could defend against the bond and mortgage.   This being so, his son and heir could do the same.   What we decide is that we are not convinced of such manifest error on the part of the auditing judge that his decree should be reversed.   This is so even if he gave a wrong reason for his conclusion.

The appeal is dismissed at the costs of Joseph Herron, appellant, and the decree is affirmed.