# Herron, for Use of Murray, Receiver, *v.* Stevenson et al., Appellants.

*Mortgages—Death of mortgagor—Decedent's estate—Scire facias against heirs—Failure to join administrator—Affidavits of defense —Insufficiency.*

1. While lands are assets for the payment of debts, they are not assets in the hands of an administrator and without an order of the Orphans' Court he has nothing to do with them. In case of intestacy they descend to the heirs, and if needed for the payment of debts they must be converted in the manner provided by the statutes.

2. In an action of scire facias sur mortgage, where it appeared that the mortgagor had died intestate, the heirs were properly made parties defendant and it was not necessary that the administrator of the decedent be joined, in the absence of anything to show that the decedent's real estate was needed for the payments of debts, and the court properly held insufficient an affidavit of defense which merely set up that the action could not be maintained because the administrator has not been joined as party defendant.

3. In such case where the note was under seal there is no merit in the contention that the mortgagor was not a party to the note and it was therefore without consideration, where no failure or illegality of consideration is alleged.

4. The doctrine that interest as against the surety does not begin with the default by the principal, but from the time when demand was made, applies only to cases arising on official bonds.

Argued Oct. 8, 1917.  Appeal, No. 24, Oct. T., 1917, by defendants, from judgment of C. P. Allegheny Co., Oct. T., 1916, No. 1350, for want of a sufficient affidavit of defense, in case of Andrew W. Herron, for use of C. C. Murray, Receiver of the Fort Pitt National Bank of Pittsburgh, now for use of Henry Terheyden, v. Joseph S. Stevenson, Robert A. Stevenson, William T. Stevenson, and Mary I. Stevenson Waugh, Sole Heirs of Mary I. Stevenson, Deceased.  Before MESTREZAT, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ.  Affirmed.

Scire facias sur mortgage.

Rule for judgment for want of a sufficient affidavit of defense.  Before SHAFER, P. J.

The opinion of the Supreme Court states the facts.

The court made absolute plaintiffs' rule for judgment for want of a sufficient affidavit of defense.  Defendants appealed.

*Error assigned* was in making absolute plaintiffs' rule for judgment for want of a sufficient affidavit of defense.

*Paul A. Stuart,* for appellants.—This action could not be maintained because no administrator had been appointed for the intestate mortgagor: Brown v. Wagner, 1 Monoghan 102.

*Charles A. Woods,* for appellee.—The heirs were properly made parties defendant.

OPINION BY MR. JUSTICE STEWART, January 7, 1918:

The appeal is from a judgment entered for want of a sufficient affidavit of defense in an action of scire facias sur mortgage.  The mortgage was given March 14, 1901, by Mary J. Stevenson, to secure a note for $3,100.00 on which her three sons were endorsers, and for all renewals of the same.  The indebtedness on the note had been reduced from time to time until at the time of the last re-

newal, November 18, 1907, it amounted to but $1,300.00, and for this amount a new note was then given, payable at four months. This note has never been paid and the present demand is for the amount due thereon, debt and interest. Mary J. Stevenson, the mortgagor, died December 23, 1907. No legal steps have been taken for the settlement of her estate, and she is therefore without legal representative. The scire facias was directed against the defendants named as her heirs at law. It is urged that the action cannot be sustained because of want of proper parties defendant. The affidavit of defense alleges nothing with respect to the condition of the mortgagor's estate that would require the intervention of a personal representative; it is not averred that the mortgaged premises are required for the payment of debts; except as it is so required the personal representative would have nothing to do with it; it descends directly to the heirs at law. In Morrison's Est., 196 Pa. 80, it is said: "While in this State lands are assets for the payment of debts, they are not assets in the hands of an administrator, and without an order of the Orphans' Court he has nothing to do with them. In case of intestacy they descend to the heirs, and if needed for the payment of debts there is a mode pointed out by the act of assembly which the administrator is bound to pursue, 'or the real fund is not absolutely, but sub modo, assets in his hands': McCoy v. Scott, 2 Rawle 222; Bakes v. Reese, 150 Pa. 44. 'Although the administrator may assume to act in his representative capacity in the management of the real estate and the collection of the income thereof, he is merely the agent of the heir': Appeals of Fross and Loomis, 105 Pa. 258; Walker's App., 116 Pa. 419. This rule has been strictly adhered to." "The undoubted weight of authority, when the question is not affected by statute, is to the effect that in suits of the character under consideration the personal representative is not a necessary party in that if the heir desires the benefit of having the personal estate applied in exonera-

tion of the real, he must enforce the right by filing a bill for such relief": Cyc. 18, page 549. It follows that the sci. fa. in this case was properly directed against the heirs of the mortgagor.

Of quite as little weight is the objection urged of want of consideration. It makes not a particle of difference if the mortgagor was not a party to the note secured by the mortgage. None the less does the mortgage, being under seal, import a consideration; it expressly recites that it is given as collateral security. What difference can it make who or what party was to be advantaged thereby? Neither failure nor illegality of consideration is alleged, and nothing short of these could be inquired into with respect to the consideration.

A point is raised that because no demand was made of payment of interest between the default of the principal debtor and the bringing of the action against the defendants, standing as they do in the relation of surety to the principal debtor, interest is not now demandable, on the principle that interest as against a surety begins not with the default by the principal, but from the time when demand was made. It is only necessary to observe in reply that the cases cited in support are cases which arose on official bonds: Foltz v. Tradesmen's Trust & Savings Fund Co., 201 Pa. 583, and Pennsylvania Co. v. Swain, 189 Pa. 626, and the doctrine does not extend beyond these. The plaintiff's statement showed a sufficient legal cause of action; nothing is averred in the affidavit of defense that, if proved, could defeat it.

The judgment is affirmed.