## Hollenback v. Polish American Citizens

*Henry Thalenfeld*, for plaintiffs.

*Reap & Reap*, for petitioner.

PINOLA, J., April 24, 1956.—Albert Fritz seeks to intervene in an action in ejectment brought by plaintiffs against defendant to obtain possession of certain lands in the Borough of Dupont which had been sold to defendant by petitioner.

Petitioner's deed to the club, dated May 11, 1953, and recorded in Deed Book 1197, page 180, contains a covenant of general warranty.

About 10 days after the institution of the suit, defendant's counsel notified petitioner that in the event of an adverse ruling against the club, it would demand from him a refund of the purchase price paid.

Counsel for plaintiffs objects to the intervention of petitioner and cites in support, Linderman v. Berg, 12 Pa. 301. True the court there refused to permit the seller of land with a covenant warranty to be substituted as a defendant in an action in ejectment, but the proceedings were under the Act of March 21, 1772, 1 Sm. L. 370, sec. 9, 12 PS §1513, permitting intervention by landlords. The court properly refused intervention because:

"(T)he petitioner was not a landlord. He was simply a vendor. . . ."

In Fraley v. Steinmetz, 22 Pa. 437, one Patrick Levy, was the owner of mortgaged premises and the proper terre tenant of the land at the time a scire facias sur mortgage was issued. He had since sold the property to John McGlensey under an agreement that the vendor should defend against the mortgage and bear its responsibility. An affidavit was filed by Levy for and on behalf of himself "and the said John McGlensey." A judgment in favor of plaintiff, ignoring the affidavit, was reversed. Lewis, J., declared, page 440:

"That these persons would be prejudiced by the judgment is clear. That they are deeply interested in the result is most manifest. That the first has a just right, in some form, to relieve himself from liability on his warranty by resisting every step in the proceedings tending to charge him, cannot be denied. That the other has a right to object to an unnecessary slander of his title, by a sheriff's sale for a debt already paid, seems equally free from doubt. Taking the case as stated in the affidavit, there is a just defence, and the parties proposing to make it are not strangers, nor intruders, without any interest to protect. . . . Irreparable injury ought not to be permitted for want of a formal application by Levy to make himself a co-defendant in the action. His affidavit, and the facts contained in it, imply a wish, on his part, to be made a

party to the record, and the Court, under the circumstances, ought to have made an order for the purpose."

Therefore, it would seem that petitioner is entitled to intervene.

If there was a doubt as to the right of a vendor to intervene, it has been dispelled by Pa. R. C. P. 2327, which expressly provides that:

"At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to these rules if

"(I) the entry of a judgment in such action . . . will impose any liability upon such person to indemnify in whole or in part the party against whom judgment may be entered. . . ."

In 3 Goodrich-Amram, §2327-4, the authors state:

"Under this rule a person bound by a covenant of title may intervene in an action of ejectment to defend the title of the owner of the land since a judgment in favor of the adverse party will create a liability of the applicant upon his covenant."

And in Balaban v. Howard, 60 D. & C. 209, the venders of real estate, from one of whom the party in possession claimed title, were allowed to intervene as parties plaintiff in an action of ejectment instituted by their vendee in order to defend the title to the property involved.

Accordingly, we enter the following

*Order*

The rule to show cause why Albert Fritz should not be permitted to intervene as party defendant is made absolute.