## WHEELEN BROTHERS v. C. L. PHILLIPS.

APPEAL BY W. N. WHEELEN FROM THE COURT OF COMMON
PLEAS NO. 4 OF PHILADELPHIA COUNTY.

Argued January 22, 1891—Decided February 16, 1891.

As a judgment, entered for more than twenty years without revival, is
presumed to be paid, an attachment execution cannot be issued there-
from, without a judgment of revival first obtained. Whether an attach-
ment execution is an execution within the meaning of the act of May 19,
1887, P. L. 132, not decided.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILL-
IAMS, McCOLLUM and MITCHELL, JJ.

No. 170 July Term 1890, Sup. Ct.; court below, No. 516
September Term 1869, Dist. Ct.

On November 9, 1869, judgment was entered in favor of
Wheelen Brothers against Charles L. Phillips, on a single bill,
dated September 11, 1869, for $3,369.32, payable one day after
date.

The record showed no proceeding on said judgment, until,
on April 29, 1890, the plaintiffs issued a scire facias to revive,
and the same day an attachment execution, directing that the
Pennsylvania Co. for Insurance, etc., executor of the will of
H. M. Phillips, deceased, be summoned as garnishee. Both
writs were returnable to the first Monday of May, and were
returned, the former "nihil habet," and the latter, "attached
as commanded and made known to garnishee, and nihil habet
as to defendant."

On May 10, 1890, interrogatories, and rule on the garnishee
to answer, were filed, and on May 23d the garnishee filed
answers to the interrogatories.

On May 29 (26), 1890, on motion of Mr. Brewster, for the
garnishee, a rule was granted on the plaintiffs to show cause
why the scire facias and the attachment execution should not
be stricken off, proceedings to stay; and on June 14, 1890, it
was "ordered that the rule to strike off the attachment execu-
tion be made absolute; the remainder of the rule discharged."

### Opinion of the Court.

On June 16, 1890, an affidavit was filed on the part of the plaintiffs, averring that the judgment was still due and unpaid; and, on the same day, an alias scire facias to revive, etc., was issued, afterwards returned "nihil habet."

On June 30, 1890, Mr. Brewster appeared for the defendant, and on the same day William N. Wheelen, surviving Wheelen Brothers, took this appeal, assigning the order making absolute the rule to strike off the attachment execution, for error.

*Mr. Charles Henry Hart,* for the appellant.

That an attachment sur judgment is not an execution, counsel cited: Sections 1, 2, act of June 16, 1836, P. L. 761; § 4, act of April 16, 1845, P. L. 538; Ogilsby v. Lee, 7 W. & S. 444; Gemmill v. Butler, 4 Pa. 233; Skidmore v. Bradford, 4 Pa. 300; Swanger v. Snyder, 50 Pa. 223; Miller v. Commonwealth, 5 W. & S. 488; Chambers v. Carson, 2 Wh. 365. That the garnishee cannot raise this question, after answering interrogatories filed: Schober v. Mather, 49 Pa. 21; Riddle v. Stevens, 2 S. & R. 537; Witmer v. Schlatter, 15 S. & R. 150; Chamberlin v. Hite, 5 W. 373; Irvine v. Bank, 2 W. & S. 209; Poor v. Colburn, 57 Pa. 415.

*Mr. F. Carroll Brewster,* for the appellee.

Counsel cited: Act of May 19, 1887, P. L. 132; Pantall v. Dickey, 123 Pa. 431; Allen v. Krips, 125 Pa. 504.

PER CURIAM:

We are of opinion that the court below was right in striking the attachment execution from the record. We need not discuss the question whether such writ is an "execution," under the act of May 19, 1887, P. L. 132, for the reason that the action of the court below can be sustained independently of said act. The judgment in question was over twenty years old when the attachment was issued; it was in law presumed to be paid, and we do not think any process can be issued upon it except a scire facias to revive. This has been done; and if, upon the trial of the scire facias, the plaintiff can rebut the presumption of payment, he will then have a live judgment upon which an attachment or other execution process may issue.

Order affirmed.