## Bergdoll, Assignee, v. Romig et al.

*Desmond J. McTighe*, for plaintiff.
*Samuel H. High*, for defendants.

KNIGHT, P. J., April 29, 1938.—On February 24, 1938, a scire facias sur mortgage was issued under the above caption by plaintiff against James E. Romig, mortgagor, and Elizabeth H. R. Wilson, real owner. The scire facias was issued upon a mortgage for $30,000, secured upon certain premises in Montgomery County.

Elizabeth H. R. Wilson, on March 16th, filed an affidavit of defense, containing one paragraph, which avers that defendant real owner believes and expects to be able to prove, as is set forth in the plaintiff's statement of claim, that the bond and mortgage, upon which suit was brought, are dated April 1, 1907, and are under seal, and that payment of the same is presumed by law.

The present rule attacks this defense as insufficient for the following reasons:

"1. The statement in the affidavit of defense that payment of the bond and mortgage is presumed by law is incorrect and is not a legal defense.

"2. The affidavit of defense fails to set forth a plea of satisfaction or payment of part or all the mortgage money, or any other lawful plea, in avoidance of the deed or debt."

The Act of January 12, 1705, 1 Sm. L. 57, 21 PS §791, provides that where a writ of scire facias has been issued defendant "may plead satisfaction or payment of part or all the mortgage-money, or any other lawful plea, in avoidance of the deed or debt, as the case may require".

Plaintiff contends that the affidavit of defense does not set forth satisfaction or payment of the mortgage money, but on the contrary alleges in defense a rule of law. The statute of limitations raises a bar against an action which is a conclusive defense if pleaded. The presumption of payment differs from the statute of limitations in that it is not a bar to an action but shifts the burden of proof so that plaintiff must show by competent evidence that the debt has not been paid but still remains due.

If plaintiff fails to meet this burden, the presumption is just as conclusive as the bar of the statute of limitations. It is well established that the plea of the bar of the statute of limitations makes out a prima facie defense, and is sufficient to prevent judgment. By a parity of reasoning, it would certainly seem that a plea of the presumption of payment would be equally sufficient to prevent the entry of judgment, inasmuch as the presumption is conclusive unless overcome by plaintiff's proof.

The only case that we have been able to find exactly in point is that of Whelen v. Phillips, 20 Phila. 306, decided in 1890 by Judge Thayer.

While this case involved an affidavit of defense to a scire facias to revive a judgment, it applies equally to a scire facias sur mortgage.

In the course of his opinion, Judge Thayer says:

"We are of opinion that all that the defendant in such a case is bound to do is to show that a presumption of law has arisen that the judgment is paid, and that it is incumbent upon the plaintiff to overthrow this presumption of law by satisfactory proof before he can succeed."

The affidavit of defense in the above case was held to be sufficient.

Whelen v. Phillips, supra, was appealed to the Supreme Court, and is to be found in 140 Pa. 33. While the exact point here raised was not commented upon by the Supreme Court, it is evident that they must have approved the reasoning and judgment of the court below as to the sufficiency of the affidavit of defense.

We are therefore of the opinion that the affidavit in the present case meets the requirements of the Act of 1705, supra, and is sufficient to prevent judgment. The common sense of the situation also leads us to the same conclusion. A terre-tenant may not know whether a mortgage, 31 years old, is paid or not. In such a situation, if the terre-tenant filed no affidavit of defense, judgment would be entered against him. On the other hand,

if an affidavit setting forth the presumption of payment was held insufficient, then again, judgment would be entered against the terre-tenant, and he would be deprived of the presumption which the law raises in his favor.

And now, April 29, 1938, the rule for judgment for want of a sufficient affidavit of defense is dismissed.