## Robinson v. Robinson et al.

*J. Blank*, for plaintiff.
*E. T. Jackson, Jr.*, for defendants.

ALESSANDRONI, J., July 1, 1946.—The affidavit of defense filed on behalf of three of the defendant real owners avers that the mortgage upon which this action of scire facias was instituted is a debt under seal which has existed for more than 20 years and, therefore, presumed by the law to have been paid.

The record discloses that the principal of the debt became due on May 14, 1914, and, in the averment of default, it appeared that plaintiff, assignee of the mortgage, claims interest for a period of six years, and taxes and water rents for a period of 22 years.

The issue as framed by the pleadings is a narrow one, namely: Is the plea of presumption of payment of a debt under seal more than 20 years of age a sufficient defense to a writ of scire facias sur mortgage?

Although a proceeding of this nature is not within the Practice Act of 1915, our courts have recognized the filing of an affidavit of defense as not only appropriate, but necessary: Federal Land Bank of Baltimore v. King et al., 294 Pa. 86.

Our research discloses but one case directly in point. In Bergdoll, Assignee, v. Romig et al., 32 D. & C. 286, the learned President Judge Knight of Montgomery County held that it was not necessary to plead that payment had in fact been made, but that it was sufficient under the Act of January 12, 1705, 1 Sm. L. 57, to allege in an affidavit of defense that the bond and mortgage, upon which an action of scire facias sur mortgage was brought, are over 30 years old and that payment thereof is presumed by law.

In this well considered opinion, the case of Whelan Brothers v. C. L. Phillips, 20 Phila. 306 (affirmed on appeal 140 Pa. 33), is discussed, wherein Judge Thayer held that an affidavit of defense to a scire facias to revive a judgment need merely show that a presumption of law has arisen that the judgment is paid.

Although this presumption is unlike the statute of limitations, in that it does not bar the debt and requires no new promise as the basis of an action, if plaintiff fails to meet the burden imposed by it, the presumption is just as conclusive as the bar of the statute of limitations. Since the plea of the bar of the statute of limitations establishes a prima facie defense, by parity of reasoning, the plea of the presumption of payment is equally sufficient to prevent the entry of a summary judgment.

The rule that, after a lapse of 20 years, debts of every kind are presumed to have been paid, is a rule of convenience and policy, which results from a necessary regard for the peace and security of society, and also protects the debtor from being called upon to defend stale claims at a time when witnesses are dead

and the necessary documents lost or destroyed: Sheafer et al. v. Woodside et al., 257 Pa. 276.

As Judge Knight stated, the common sense of the situation also leads us to the conclusion that the plea of presumption of payment is a sufficient defense. A real owner may not know whether a mortgage, as in this case, 32 years old, has been paid or not. If no affidavit of defense was filed, judgment would be entered summarily. If an affidavit setting forth the presumption of payment is held insufficient, the real owner would be deprived of the presumption which the law raises in his favor.

For the foregoing reasons, therefore, we believe the affidavit of defense is sufficient and the rule for judgment should be discharged.

### Order

And now, to wit, July 1, 1946, plaintiff's rule for judgment for want of a sufficient affidavit of defense is discharged.